# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROCIO PENA, ) | |
|                    **Plaintiff,** ) | |
| ) | |
| v. ) | No. |
| ) | |
| OFFICER H G SALGADO, Star #11278, ) | |
| OFFICER A R SANTIAGO, Star #5335, ) | |
| OFFICER E J OKON, Star #14561, ) | |
| OFFICER R A PRUGER, Star #19349, ) | |
| OFFICER F ESCOBEDO, Star #19445, ) | |
| OFFICER E. LEIGHTON, Star #4113, ) | |
| OFFICER C VELAZQUEZ, Star #8001, ) | |
| OFFICER M. ROMERO, Star #9955, ) | |
| Individually and in their Official capacity as ) | |
| City of Chicago Police Officers and/or ) | |
| employees of the Chicago Police Department, ) | |
|                    **Defendants.** ) | |

## PLAINITFF'S COMPLAINT AT LAW

NOW COMES Rocio Pena, by and through her attorneys, Burch & Associates, and complaining of the Defendants: Officer Salgado, Star #11278, Officer Santiago, Star #5335, Officer J. Okon, Star #14561, Officer Pruger, Star #19349, Officer Escobedo, Star #19445, Officer Leighton, Star #4113, Officer Velazquez, Star #8001, and Officer Romero, Star #9955 states as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §1983, as well as the Fourteenth Amendment of the United States Constitution. The Court has jurisdiction over this matter pursuant to 28 US.C. §1343(a)(3) in that it is brought to redress deprivations under color of state authority, of rights, privileges and immunities secured by the United States Constitution and 28 U.S.C. §1391(b)(1) based on where the defendants reside.

**PARTIES AND VENUE**

2. Plaintiff, Rocio Pena (hereinafter, "Ms. Pena"), is a resident of the City of Chicago, County of Cook, State of Illinois.

3. At all material times herein, Plaintiff was a resident of the County of Cook, State of Illinois.

4. Defendant, HG Salgado, Star #11278, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

5. Defendant AR Santiago, Star #5335, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

6. Defendant E. Okon, Star #14561, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

7. Defendant R. Pruger, Star #19349, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

8. Defendant F. Escabedo, Star #19445, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

9. Defendant E. Leighton, Star #4113, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

10. Defendant C. Velazquez, Star #8001, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

11. Defendant M. Romero, Star #9955, upon information and belief, was at all material times a resident of the State of Illinois and was and is employed in the City of Chicago as an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity

12. At all material times, each Defendant was acting under color of the laws, statutes, ordinances, policies, practices, customs and/or usages of the State of Illinois, City of Chicago, and/or Chicago Police Department.

13. At all material times, Defendants Salgado, and Santiago, upon information and belief, were acting within the scope of their employment and authority as law enforcement officers and under color of law.

14. At all times relevant herein, all the Defendants were jointly engaged in, and/or concealed and/or were aware of tortious activity resulting in the deprivation of the deceased's Constitutional rights and ultimately costing the deceased his life.

15. All material events giving rise to this lawsuit occurred in the City of Chicago, State of Illinois.

16. Venue is property in this Court because all of the defendants were situated in this judicial district when the events that gave rise to this complaint occurred and all of the defendants reside in the Northern part of this state.

**FACTS**

17. On or about February 12, 2018, at approximately 1:00 pm Plaintiff was lawfully located at her home which is located in the City of Chicago, County of Cook and State of Illinois.

18. At that time, the Defendants knocked on her door.

19. Ms. Pena opened the door to speak with the officers. Within minutes of their arrival Defendant Salgado and Defendant Santiago, without probable cause, grabbed Ms. Pena in an aggressive and excessive manner and placed her under arrest.

20. Defendant Salgado grabbed Ms. Pena's arm and twisted it in a way that Ms. Pena immediately felt pain.
21. Ms. Pena was handcuffed to a wooden railing prior to officers removing her from her building and taking her to the police station.
22. Ms. Pena complained that her arm was in pain to no avail.
23. Subsequently, Ms. Pena was diagnosed with a fracture to her arm.

## COUNT I

### 42 U.S.C. 1983

24. Plaintiff, Rocio Pena, hereby repeats, re-alleges, and incorporates herein paragraphs 1-23 of this Complaint as though fully set forth herein.
25. On or about February 12, 2018, one or more of the defendants twisted, squeezed, pummeled, and otherwise beat Ms. Pena about the arms, hand, and body.
26. One or more of the defendants, while acting within the scope of their employment and authority as police officers and/or employees of the Chicago Police Department, under color of state law, and pursuant to customs, policies and/or practices, used excessive force against Ms. Pena in violation of 42 U.S.C. § 1983 and/or one or more of the defendants were aware of the use of excessive force by the other defendants and did nothing to intervene and failed to seek immediate medical care for Ms. Pena.
27. Ms. Pena's injury was a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by the defendants, while acting under color of law and pursuant to customs, policies and/or procedures were in violation of 42 U.S.C. § 1983.
28. Federal law provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.
29. While acting under color of law, the defendants knowingly, intentionally, and/or with deliberate indifference and gross negligence deprived Ms. Pena of her rights under the United States Constitutions.

30. At all material times, the defendants conspired with each other in pursuit of a common plan to commit tortious acts and/or deprive Ms. Pena of her constitutional rights, actively participated in this conspiracy and furthered it by cooperation or request, lending aid and/or encouragement to wrongdoers and/or ratifying and adopting and/or concealing the acts done for their benefit. Additionally, each defendant acted negligently and/or with the intent to deprive Ms. Pena of her rights.

31. The defendants are civilly liable to Plaintiff pursuant to 42 U.S.C. § 1983, because all of the aforementioned deliberately indifferent, grossly negligent, reckless, willful, wanton, malicious, and/or intentional acts and/or omissions of defendants, constituting excessive force, as set forth above, were committed under color of law and pursuant to customs, policies, statutes, laws, codes, and/or practices of the City of Chicago, State of Illinois and said acts and omissions deprived Ms. Pena of her rights, privileges, and immunities secured by the Fourteenth Amendment of the United States Constitution.

WHEREFORE, Plaintiff prays that this Court finds the Defendants violated Ms. Pena's constitutional rights and find them liable for compensatory and punitive damages in a fair and just amount and grant the Plaintiff any other relief that the Court finds appropriate.

Respectfully submitted,

_____
Burch & Associates by
One of Its Attorneys

Burch & Associates, #40670
1430 N. Western Avenue
Chicago, IL 60622
773.235.6565 (p)
773.235.0659 (f)
aburch@burchlawgroup.com